UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JOHN ROCK, | ) | |
|     *Plaintiff*, | ) | |
| | ) | |
|     *vs.* | ) | 1:12-cv-1019-JMS-DKL |
| | ) | |
| NATIONAL COLLEGIATE ATHLETIC ASSOCIATION, | ) | |
| | ) | |
|     *Defendant*. | ) | |

## **ORDER**

Presently pending before the Court is Plaintiff John Rock's Motion for Leave to File an Amended Complaint. [Dkt. 39.] Mr. Rock moves to amend his complaint in light of the Court's order granting Defendant National Collegiate Athletic Association's ("NCAA") motion to dismiss. [Dkt. 38.] The NCAA opposes Mr. Rock's motion to amend, arguing that his proposed amended complaint is defective for various reasons, which the NCAA contends renders amendment futile. [Dkt. 42 at 7.]

Federal Rule of Civil Procedure 15(a)(2) provides that leave to amend pleadings should be "freely give[n] when justice so requires."[1] Leave to amend is inappropriate, however, "where there is undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment." *Feldman v. Am. Mem'l Life Ins.*

---

[1] The Court notes that its order granting the NCAA's motion to dismiss erroneously used the words "good cause" in relation to Mr. Rock's burden to amend his complaint. [Dkt. 38 at 23.] The good-cause standard applies when a party moves to amend a pleading after a court-imposed deadline to do so has expired. *Trustmark Ins. Co. v. Gen. & Cologne Life Re of Am.*, 424 F.3d 542, 553 (7th Cir. 2005) (citing Fed. R. Civ. Pro. 16(b)). Because Mr. Rock has not missed a court-imposed deadline to amend, the "when justice so requires" standard from Rule 15 applies.

*Co.*, 196 F.3d 783, 793 (7th Cir. 1999).  The Court has discretion to permit or deny amendment.  *Id.*

The NCAA opposes Mr. Rock's motion to amend on futility grounds.  The NCAA correctly notes that this litigation involves the same claims present in *Agnew v. National Collegiate Athletic Association*, 683 F.3d 328 (7th Cir. 2012), and that Mr. Rock had the benefit of the Seventh Circuit's decision in *Agnew* when he filed his original complaint in this case.  [Dkt. 42 at 10.]  The Court notes, however, that Mr. Rock was not a party to *Agnew* and that for the first time, the proposed complaint challenging the bylaws at issue limits the relevant market to Division I college football and further pleads two subdivisions of that market—the Football Bowl Subdivision ("FBS") and the Football Championship Subdivision ("FCS").  [Dkt. 39-1 at 7-8.]  While the Court makes no pronouncement on the sufficiency of the relevant market Mr. Rock now proposes, given the Seventh Circuit's observation that "[i]t is undeniable that a market of some sort is at play in this case[,]" *Agnew*, 683 F.3d at 338, the Court cannot conclude that the proposed amendment is futile.

This case was in its early stages when the Court granted the NCAA's motion to dismiss—no case management plan had been approved, no discovery had been taken, and no settlement conference had occurred.  Moreover, in response to Mr. Rock's motion to amend, the NCAA "requests the opportunity to expand on these arguments on a motion to dismiss" should the Court not find the proposed complaint to be futile.  [Dkt. 42 at 9 n2.]  The current posture of the parties' briefs on these issues—Mr. Rock filing a motion, the NCAA responding, and Mr. Rock replying—inverts the briefing that would typically occur in the context of a motion to dismiss.  Therefore, given that the Court does not find Mr. Rock's proposed amendment to be futile,

- 3 -

the Court finds it more appropriate to address the NCAA's arguments on the merits after the benefit of full briefing on a motion to dismiss, should the NCAA choose to file such a motion.

For these reasons, the Court concludes that pursuant to Rule 15, justice requires giving Mr. Rock a final chance to amend his complaint. *See, e.g.*, *Agnew*, 683 F.3d at 347-48 (finding the Court did not abuse its discretion by denying request to amend complaint after plaintiff had already amended complaint following fully briefed motion to dismiss). The Court **GRANTS** Mr. Rock's Motion for Leave to File an Amended Complaint. [Dkt. 39.] The Clerk is directed to docket Mr. Rock's Amended Complaint, [dkt. 39-1], as the operative complaint in this litigation. The Court **DENIES** the NCAA's Motion for Oral Argument, [dkt. 43], as unnecessary to address the pending motion. The NCAA must answer or otherwise respond to Mr. Rock's amended complaint as provided by the Federal Rules of Civil Procedure.

05/24/2013

*[signature]*

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only:**

Steve W. Berman
HAGENS BERMAN SOBOL SHAPIRO LLP
steve@hbsslaw.com

Gregory L. Curtner
SCHIFF HARDIN, LLP - Michigan
gcurtner@schiffhardin.com

Elizabeth A. Fegan
HAGENS BERMAN SOBOL SHAPIRO, LLP
beth@hbsslaw.com

Kimberly K. Kefalas
SCHIFF HARDIN, LLP - Michigan
kkefalas@schiffhardin.com

- 4 -

Kathy Lynn Osborn
FAEGRE BAKER DANIELS LLP - Indianapolis
kathy.osborn@faegrebd.com

Stuart McKinley Paynter
The Paynter Law Firm PLLC
stuart@smplegal.com

William N. Riley
PRICE WAICUKAUSKI & RILEY
wriley@price-law.com

Jessica A. Sprovstoff
SCHIFF HARDIN, LLP - Michigan
jsprovtsoff@schiffhardin.com

Suzanne L. Wahl
SCHIFF HARDIN, LLP - Michigan
swahl@schiffhardin.com

Robert James Wierenga
SCHIFF HARDIN, LLP - Michigan
rwierenga@schiffhardin.com

Joseph N. Williams
PRICE WAICUKAUSKI & RILEY
jwilliams@price-law.com