UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JOHN ROCK, *on behalf of himself and all others similarly situated,* | ) ) ) | |
| Plaintiff, | ) | 1:12-cv-1019-JMS-DKL |
| *vs.* | ) ) | |
| NATIONAL COLLEGIATE ATHLETIC ASSOCIATION, | ) ) ) | |
| Defendant. | ) | |

## ORDER DENYING MOTION TO CONSOLIDATE

Presently pending before the Court is Plaintiff John Rock's Motion to Consolidate Cases.

[Filing No. 90.]  For the reasons that follow, the Court **DENIES** Mr. Rock's motion.

### A.  Background

Mr. Rock filed this antitrust putative class action against Defendant National Collegiate

Athletic Association (the "NCAA") on August 25, 2012.  [Filing No. 1.]  Through his operative

complaint, Mr. Rock challenges the NCAA's rules that prohibited multi-year athletic scholarships

for Division I football players and the rules that impose a cap on the number of football scholar-

ships that a Division I football team may award.  [Filing No. 46 at 3.]

On August 16, 2013, the Court issued an order denying a Motion to Dismiss filed by the

NCAA.  [Filing No. 58.]  The parties have been engaged in discovery since that time.  Mr. Rock's

deadline to move for class certification is November 24, 2014, and the parties have already been

advised that no further extensions will be granted.  [Filing No. 86 at 2; Filing No. 88.]

On August 28, 2014, Durrell Chamorro filed an antitrust putative class action against the

NCAA in this District, which was assigned to Chief Judge Richard L. Young as Cause Number

1:14-cv-1421-RLY-DML.  Mr. Chamorro and Mr. Rock are represented by the same counsel.  In

his Complaint, Mr. Chamorro also challenges the NCAA's rules that prohibited multi-year athletic scholarships for Division I football players and the rules that impose a cap on the number of football scholarships that a Division I football team may award. [Cause Number 1:14-cv-1421-RLY-DML, Filing No. 1 at 3.]

The same day that Mr. Chamorro filed his action against the NCAA, Mr. Rock filed a Motion to Consolidate Mr. Chamorro's case with his. [Filing No. 90.] In his Motion to Consolidate, Mr. Rock argues that *Chamorro* contains "similar factual allegations and legal theories, [and] the putative class definitions are similar, although not identical." [Filing No. 90 at 2.] Mr. Rock proposes that "[g]iven the significant overlap of factual and legal issues between this action and the allegations brought by Plaintiff Chamorro, consolidation of the actions will provide the parties and this Court with significant savings in time, effort, and expense."[1] [Filing No. 90.]

In response, the NCAA agrees that *Rock* and *Chamorro* are based on similar allegations and legal theories. [Filing No. 92 at 2.] The NCAA represents that it has conferred with opposing counsel regarding how consolidating the cases would affect the *Rock* pretrial schedule and that counsel for Mr. Rock and Mr. Chamorro "do not intend to request any changes to the *Rock* pretrial schedule if their motion to consolidate is granted." [Filing No. 92 at 3.] That said, because the NCAA "believes that the *Chamorro* complaint suffers from certain legal defects not present in the *Rock* complaint," the NCAA intends to file a motion to dismiss Mr. Chamorro's case. [Filing No. 92 at 3.] For that reason, the NCAA "believes it would be premature" to consolidate *Chamorro* and *Rock* before the anticipated motion to dismiss in *Chamorro* is resolved. [Filing No. 92 at 3-

---

[1] Local Rule 42-1 provides that a party seeking to consolidate two or more civil cases must file the motion in the case with the earliest docket number and file a notice of the motion in the other case. A notice of Mr. Rock's Motion to Consolidate was filed in *Chamorro* on September 3, 2014. [Case No. 1:14-cv-1421-RLY-DML, Filing No. 6.]

4.]  The NCAA "does not oppose the *Chamorro* case being reassigned to Judge Magnus-Stinson."

[Filing No. 92 at 2.]

In his reply, Mr. Rock confirms his belief that consolidation or transfer will not affect the

*Rock* case schedule.  [Filing No. 93 at 1.]  Mr. Rock indicates that Mr. Chamorro has already

produced his initial disclosures and all relevant documents in his possession, and that the parties

have tentatively agreed to Mr. Chamorro's deposition occurring in late October.  [Filing No. 93 at

1.]

### B.  Applicable Standard

Federal Rule of Civil Procedure 42 provides that "[i]f actions before the court involve a

common question of law or fact," the Court may "join for hearing or trial any or all matters at issue

in the actions . . . consolidate the actions . . . or issue any other orders to avoid unnecessary cost or

delay."  The Court has discretion regarding whether to consolidate actions involving a common

question of law or fact.  *Star Ins. Co. v. Risk Mktg. Grp. Inc.*, 561 F.3d 656, 660 (7th Cir. 2009)

(citing Fed. R. Civ. P. 42(a)(2)).

### C.  Discussion

#### 1)  Request to Consolidate Cases

While Mr. Chamorro's claims may be similar to Mr. Rock's claims, there appear to be

material differences.  The NCAA contends that it "believes that the *Chamorro* complaint suffers

from certain legal defects not present in the *Rock* complaint."  [Filing No. 92 at 2.]  The NCAA

does not elaborate on what it perceives those legal defects to be, but it plans to move to dismiss

*Chamorro* on those grounds.  [Filing No. 92 at 2.]

Additionally, Mr. Rock concedes that there are differences in the putative class definitions

in the two cases.  [Filing No. 90 at 2.]  Mr. Rock proposes the following class:

> Any individual who, while enrolled in an NCAA member institution, (i) received a scholarship, grant or tuition discount ("Grant in Aid" or "GIA") based on athletics leadership, ability, participation or performance from an NCAA member institution for at least one year for the purpose of playing Division I football, (ii) had their GIA reduced or not renewed and (iii) subsequently paid tuition at a college, university or other institution of higher education.

[Filing No. 46 at 22.]  Mr. Chamorro proposed the following two classes:

> *The "Multiyear Prohibition Class":*
>
> Any individual who, while enrolled in an NCAA member institution, (i) received a full scholarship, grant or tuition discount ("Grant in Aid" or "GIA") based on athletics leadership, ability, participation or performance from an NCAA member institution for at least one year for the purpose of playing Division I football, and (ii) had their GIA reduced or not renewed.

and

> *The "Unlawful Caps Class":*
>
> All current and former Division I Football players.

[Case No. 1:14-cv-1421-RLY-DML, Filing No. 1 at 27.]

A cursory review of the proposed class definitions reveals material differences—most obviously that *Rock* pleads one putative class while *Chamorro* pleads two.  The Court also notes that the putative multi-year prohibition class in *Chamorro* requires class members to have received "a *full* scholarship, grant or tuition discount," [Cause No. 1:14-cv-1421-RLY-DML, Filing No. 1 at 27 (emphasis added)], while the comparable class in *Rock* does not require the receipt of a full scholarship, [Filing No. 46 at 22].  Additionally, the putative multi-year prohibition class in *Rock* requires that the individual have "subsequently paid tuition at a college, university or other institution of higher education," [Filing No. 46 at 22], while the putative class in *Chamorro* omits that requirement.

Given the NCAA's forthcoming motion to dismiss *Chamorro* on alleged legal defects not present in *Rock* and the differences between the putative classes proposed in these actions, the Court concludes that it is not appropriate to consolidate *Rock* and *Chamorro*. Mr. Rock's case has been pending for more than two years, while Mr. Chamorro's case is in its infancy. Mr. Rock was given a "final chance to amend his complaint" before filing his operative pleading, [Filing No. 45 at 3], and consolidating Mr. Chamorro's case with his could be a way around that order. Mr. Rock's case has survived a motion to dismiss, while Mr. Chamorro's case has not yet survived a motion of that nature.[2] Mr. Rock's case is on the eve of a class certification motion, while Mr. Chamorro proposes two classes with varying definitions. For these reasons, the Court **DENIES** Mr. Rock's Motion to Consolidate Cases. [Filing No. 90.]

   *2) Reassignment*

In response to Mr. Rock's motion, the NCAA states that it would not object to Mr. Chamorro's action being reassigned to the undersigned district judge. [Filing No. 92 at 2.] Mr. Rock does not request reassignment as alternative relief should his consolidation request be denied, but the Court finds it appropriate to address the NCAA's proposal.

Local Rule 40-1 provides for the Court's random, confidential assignment of cases to the judicial officers. Local Rule 40-1(e) provides that "[w]hen the court determines that two cases are related, the case filed later may, in the court's discretion, be transferred to the judicial officer handling the earlier-filed case." Pursuant to this rule, reassignment is within the Court's discretion and is not automatic even when the cases are related.

---

[2] Adjudicating the motions to dismiss in Mr. Rock's case and its predecessor (*Agnew v. NCAA*, Cause No. 1:11-cv-00293-JMS-MJD) resulted in protracted litigation, which the Court suspects would, despite the parties' purported intentions, require the parties to deviate from the already-extended case management deadlines set in Mr. Rock's aging litigation.

The Court sees no reason to reassign *Chamorro* to the undersigned district judge.  The NCAA has already asserted that it intends to file a motion to dismiss based on alleged legal deficiencies in Mr. Chamorro's case that are not present in Mr. Rock's case.  Because the NCAA has not elaborated on the bases for that motion, the undersigned cannot determine how many Court resources would be saved by reassignment, if any.

Chief Judge Young is eminently capable of ruling on the merits of the NCAA's forthcoming motion to dismiss and presiding over Mr. Chamorro's claims, should they survive the NCAA's motion.  Judicial officers in this District frequently preside over similar issues against same or similar litigants.  For example, in *Welch v. Eli Lilly & Company*, Cause No. 1:06-cv-0641-RLY-DML, after years of litigation, the Court ultimately severed each individual plaintiff's employment discrimination action against the same employer and ordered each case to be randomly assigned to a district judge and a magistrate judge.  [Case No. 1:06-cv-0641-RLY-DML, Filing No. 541 at 3-4 (resulting in at least twenty individual employment discrimination actions against the same employer being presided over by various district judges); *see also Askren v. Dolgencorp, Inc.*, 1:10-cv-483-TWL-DML (one of twenty-five actions against Dolgencorp, Inc. distributed among various district court judges on April 23, 2010 after being transferred from multi-district litigation).]

The parties have presented no convincing reason for reassigning Mr. Chamurro's action to the undersigned district judge.  Accordingly, the Court determines that reassignment is not appropriate.

**D. Conclusion**

For the reasons explained herein, the Court **DENIES** Mr. Rock's Motion to Consolidate

Cases. [Filing No. 90.] The Court directs the Clerk to also docket a copy of this order in Cause

No. 1:14-cv-1421-RLY-DML.

September 23, 2014

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**<u>Distribution via ECF only</u>:**

All Electronically Registered Counsel of Record