UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JOHN ROCK on behalf of himself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No.1:12-cv-1019 JMS-DKL |
| NATIONAL COLLEGIATE ATHLETIC ASSOCIATION | ) ) ) | |
| Defendant. | ) ) ) | |

**DEFENDANT NATIONAL COLLEGIATE ATHLETIC ASSOCIATION'S
MOTION TO MAINTAIN DOCUMENTS AND FILINGS UNDER SEAL**

Pursuant to Rule 5.2(d) of the Federal Rules of Civil Procedure, Rule 5-11 of the Court's Local Rules, and Paragraph 16 of the Stipulated Protective Order Regarding Confidentiality of Documents and Materials ("Protective Order") approved by the Court on March 26, 2014, [Filing No. 76], Defendant National Collegiate Athletic Association ("NCAA") respectfully moves the Court to maintain certain provisionally sealed documents and filings under seal. Plaintiff filed two motions for leave to file confidential information under seal, pursuant to the Protective Order.  [Filing Nos. 107; 112].  With respect to each motion, the NCAA is the designating party of the documents and information provisionally filed under seal with the Court. The NCAA hereby moves the Court to maintain Filing No. 106-20, Filing No. 106-28, Filing No. 106-42, and Filing No. 106-43 under seal in their entirety, and to maintain certain portions of Filing No. 106-23, Filing No. 106-45, Filing No. 106-58, Filing No. 106-59, Filing No. 109, and Filing No. 110 under seal, in order to protect highly sensitive confidential information. Proposed redacted versions of Filing No. 106-23, Filing No. 106-45, Filing No. 106-58, Filing No. 106-59, Filing No. 109, and Filing No. 110 are attached hereto as exhibits A—F, pursuant to Paragraph 16(c) of the Protective Order.

## LEGAL STANDARD

Courts in the Seventh Circuit have recognized that documents and information designated as confidential pursuant to protective orders may be filed under seal. *See Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 546 (7th Cir. 2002); see also *Union Oil Co. of California v. Leavell*, 220 F.3d 562, 568 (7th Cir. 2000) (holding "genuine trade secrets or information within the scope of a requirement . . . may be held in long-term confidence"); *Meharg v. Astrazeneca Pharmaceuticals*, No. 1:08-CV-184-DFH-TAB, 2009 WL 2960761, **1-4 (S.D. Ind. Sept. 14, 2009); *Bowman v. Int'l Bus. Machines Corp.*, No. 1:11-CV-0593-RLY-TAB, 2012 WL 5285891

1

(S.D. Ind. Oct. 25, 2012) (finding that documents subject to a protective order may be sealed).

The Court has an independent duty to regulate the sealing of case files to ensure that only

materials that satisfy the rigorous sealing standards are sealed from the public. *See Citizens First*

*Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999).

### I. Plaintiff's Motion to Seal Confidential Exhibits to Berman Declaration

On November 23, 2014, Plaintiff filed a motion for leave to file confidential information

under seal, pursuant to the Protective Order. [Filing No. 107].  Along with this motion, Plaintiff

filed 60 provisionally sealed exhibits to the Declaration of Steve W. Berman in Support of

Plaintiff's Motion for Class Certification ("Berman Declaration," Filing No. 105).  These 60

exhibits to the Berman Declaration include 56 documents produced by the NCAA in discovery

and designated "Confidential" pursuant to the Protective Order, as well as excerpts from the

confidentially-designated deposition transcripts of four NCAA employees. Of these 60 exhibits,

the NCAA seeks to maintain the seal only with respect to eight exhibits, each addressed below.

The NCAA requests that the Court maintain the confidentiality of these exhibits, because they

contain the confidential information of the NCAA. The NCAA has narrowly tailored its request

and can demonstrate good cause to maintain these documents under seal or to maintain redacted

versions of these documents.  The NCAA will not contest the remaining Berman Declaration

Exhibits (1-19, 21-22, 24-27, 29-41, 44, 46-57, and 60) being made a part of the public record.

Filing No. 106-20

Exhibit 20 to the Berman Declaration is a copy of a July 21, 2011 email from Wally

Renfro to David Berst, Mark Emmert, Jim Isch and Bernard Franklin, produced by the NCAA in

this litigation, Bates stamped NCAAROCK00778583, and designated "Confidential" pursuant to

the Protective Order [Filing No. 76].  The email contains a confidential business discussion

among NCAA executives, which has not been publically disclosed by the NCAA. The NCAA

will suffer competitive harm if its confidential, internal communications between its employees

are made public.  The email also contains a confidential discussion of proposed NCAA

legislation.  Full and unfettered discussions among NCAA employees are an integral part of the

NCAA legislative process, which would be harmed if these types of communications were made

public.  The NCAA respectfully requests that Filing No. 106-20 remain sealed in its entirety.

Filing No. 106-28

Exhibit 28 to the Berman Declaration is a copy of a February 8, 2012 email from Dutch

Baughman to Mark Emmert, produced by the NCAA in this litigation, Bates stamped

NCAAROCK01453397, and designated "Confidential" pursuant to the Protective Order [Filing

No. 76].  The email contains a confidential business discussion between an NCAA executive and

an NCAA membership constituent, which has not been publically disclosed by the NCAA. The

NCAA will suffer competitive harm if its confidential communications between its employees

and its membership constituents are made public.  The email chain also contains a confidential

discussion of proposed NCAA legislation, including confidential feedback provided by NCAA

membership constituents at the University of Texas regarding a proposed legislative change.

Full and unfettered discussions among NCAA employees and membership constituents are an

integral part of the NCAA legislative process, which would be harmed if these types of

communications were made public. The NCAA respectfully requests that Filing No. 106-28

remain sealed in its entirety.

Filing No. 106-42 and 106-43

Exhibits 42 and 43 to the Berman Declaration are copies of a November 30, 2011 email

(and attachment) from Steve Mallonee to Jackie Campbell, Jonathan Duncan, Lynn Holzman,

3

Brad Hostetter, LuAnn Humphrey, Jim Isch, Bill Regan, Donald Remy, Wally Renfro, David

Schnase, Geoff Silver, Emily Wollet and Kevin Lennon, produced by the NCAA in this

litigation, Bates stamped NCAAROCK00544628 and NCAAROCK00544629, and designated

"Confidential" pursuant to the Protective Order [Filing No. 76].  The email contains a

confidential business discussion between NCAA executives, which has not been publically

disclosed by the NCAA. The NCAA will suffer competitive harm if its confidential, internal

communications between its employees are made public.  The email chain also contains a

confidential discussion of proposed NCAA legislation, including confidential feedback regarding

a proposal for legislative reform provided by an NCAA membership constituent at the University

of Nebraska who was a participant in the NCAA's Rules Working Group.  Full and unfettered

discussions among NCAA employees and membership constituents who participate in the

NCAA's rules reform committees are essential for the NCAA legislative process, which would

be harmed if these types of communications were made public. The NCAA respectfully requests

that Filing Nos. 106-42 and 106-43 remain sealed in their entirety.

Filing No. 106-23

Exhibit 23 to the Berman Declaration is a copy of a document produced by the NCAA in

this litigation, Bates stamped NCAAROCK00497365, and designated "Confidential" pursuant to

the Protective Order [Filing No. 76].  The document contains a meeting agenda and supplemental

materials for the NCAA's Division I Board of Directors meeting on January 14, 2012.

Supplement No. 11 to this document, Bates stamped NCAAROCK00497402, contains highly

confidential financial information that is not publically known, such that the NCAA would suffer

competitive harm if the information was made a part of the public record. *See Nixon v. Warner

Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) (describing common law that "sources of business

information that might harm a litigant's competitive standing" may be properly sealed). The NCAA respectfully requests that Filing No. 106-23 remain sealed in part, and attached hereto as Exhibit A is a proposed redacted version of this filing. The NCAA does not contest the remaining portions of the document being made a part of the public record.

Filing No. 106-45

Exhibit 45 to the Berman Declaration is a copy of a document produced by the NCAA in this litigation, Bates stamped NCAAROCK00376205, and designated "Confidential" pursuant to the Protective Order [Filing No. 76]. The document contains survey response feedback from NCAA membership constituents at various NCAA membership institutions regarding proposals for legislative reform. The survey response feedback was provided with the understanding that the responses would be treated as confidential. It is likely that the NCAA will not be able to collect this information from its membership in the future if its members cannot rely on the NCAA's guarantee of confidentiality. Without the collection of this information, full and frank discussion among NCAA members regarding policies and strategies would be stifled, and the NCAA would suffer severe prejudice in its activities as a trade association. The NCAA respectfully requests that Filing No. 106-45 remain sealed in part, and attached hereto as Exhibit B is a proposed redacted version of this filing. The redacted portions contain only the name, identifying job title, and institution of the surveys' respondents. The NCAA does not contest the remaining portions of the document being made a part of the public record.

Filing No. 106-58

Exhibit 58 to the Berman Declaration is a copy of a May 22, 2013 email from Bridget Rigney to Mark Emmert, produced by the NCAA in this litigation, Bates stamped NCAAROCK00922289, and designated "Confidential" pursuant to the Protective Order [Filing

No. 76]. The email chain also contains an email from an individual NCAA student-athlete and contains personal information that was likely provided to the NCAA with the understanding that the email would be treated as confidential. The NCAA respectfully requests that Filing No. 106-58 remain sealed in part, and attached hereto as Exhibit C is a proposed redacted version of this filing. The redacted portions contain only the name of the NCAA student-athlete. The NCAA does not contest the remaining portions of the document being made a part of the public record.

Filing No. 106-59

Exhibit 59 to the Berman Declaration is a copy of a document produced by the NCAA in this litigation, Bates stamped NCAAROCK00790579, and designated "Confidential" pursuant to the Protective Order [Filing No. 76]. The document contains survey response feedback from NCAA membership constituents at various NCAA membership institutions regarding proposals for legislative reform. The survey response feedback was provided with the understanding that the responses would be treated as confidential. It is likely that the NCAA will not be able to collect this information from its membership in the future if its members cannot rely on the NCAA's guarantee of confidentiality. Without the collection of this information, full and frank discussion among NCAA members regarding policies and strategies would be stifled, and the NCAA would suffer severe prejudice in its activities as a trade association. The NCAA respectfully requests that Filing No. 106-59 remain sealed in part, and attached hereto as Exhibit D is a proposed redacted version of this filing. The redacted portions contain only the name, identifying job title, and institution of the surveys' respondents. The NCAA does not contest the remaining portions of the document being made a part of the public record.

## II. Plaintiff's Motion to Seal Confidential Filings and Expert Report

On November 24, 2014, Plaintiff filed a motion for leave to file confidential information under seal, pursuant to the Protective Order.  [Filing No. 112].  Along with this motion, Plaintiff filed three provisionally sealed documents: **(1)** Plaintiffs' Proffer of Common Facts in Support of Motion for Class Certification ("Proffer of Common Facts," Filing No. 109); **(2)** the Expert Report of Daniel A. Rascher on Class Certification ("Rascher Report," Filing No. 110); and **(3)** Plaintiff's Memorandum in Support of Motion for Class Certification ("Memorandum in Support of Motion," Filing No. 111). For these documents, the NCAA seeks to maintain the seal only with respect to certain narrowly tailored redactions. The NCAA requests that the Court maintain the confidentiality of certain portions of the Proffer of Common Facts and the Rascher Report because they contain the confidential information of the NCAA. The NCAA can demonstrate good cause to maintain redacted versions of these documents.  The NCAA does not contest the Memorandum in Support of Motion [Filing No. 111] being made a part of the public record.

### A. Proffer of Common Facts [Filing No. 109]

Paragraph 84 of Proffer of Common Facts

Paragraph 84 contains a quotation from Filing No. 106-20, a confidential document that the NCAA seeks to maintain under seal, as requested above.  Accordingly, attached hereto as Exhibit E is a version of the Proffer of Common Facts with the confidential portions of this paragraph redacted.

Paragraphs 94 and 133 of Proffer of Common Facts

Paragraphs 94 and 133 contain quotations from Filing No. 106-28, a confidential document that the NCAA seeks to maintain under seal, as requested above.  Accordingly,

attached hereto as Exhibit E is a version of the Proffer of Common Facts with the confidential portions of these paragraphs redacted.

<u>Paragraph 116 of Proffer of Common Facts</u>

Paragraph 116 contains a quotation from Filing No. 106-43, a confidential document that the NCAA seeks to maintain under seal, as requested above.  Accordingly, attached hereto as Exhibit E is a version of the Proffer of Common Facts with the confidential portions of this paragraph redacted.

<u>Paragraph 170 of Proffer of Common Facts</u>

Paragraph 170 contains a quotation from Filing No. 106-58, a confidential document that the NCAA seeks to maintain under seal, as requested above.  Accordingly, attached hereto as Exhibit E is a version of the Proffer of Common Facts with the confidential portions of this paragraph redacted.

The NCAA does not contest the remaining paragraphs of the Proffer of Common Facts being made a part of the public record.

**B. Rascher Report [Filing No. 110]**

<u>Paragraph 371 of Rascher Report</u>

Paragraph 371 contains a quotation from Filing No. 106-28, a confidential document that the NCAA seeks to maintain under seal, as requested above.  Accordingly, attached hereto as Exhibit F is a version of the Rascher Report with the confidential portions of this paragraph redacted.

<u>Paragraphs 73, 204, 239-241 of Rascher Report</u>

Paragraphs 73, 204, 239-241 contain quotations from a letter sent by the NCAA's outside counsel to the United States Department of Justice, during the pendency of the Department's

8

investigation. This June 28, 2010 letter was produced by the NCAA in this litigation, Bates stamped NCAAROCK01497917, and designated "Confidential" pursuant to the Protective Order [Filing No. 76].  This letter has not been publically disclosed by the NCAA, and contains highly sensitive information. The NCAA will suffer competitive harm if its confidential communications with regulatory or investigative agencies are disclosed to the public. Accordingly, attached hereto as Exhibit F is a version of the Rascher Report with the confidential portions of these paragraphs redacted.

Paragraphs 247, 290-291, 377, 460-464 of Rascher Report

Paragraphs 247, 290-291, 377, 460-464 contain quotations from a "White Paper" that the NCAA provided to the United States Department of Justice, during the pendency of the Department's investigation.  This White Paper was produced by the NCAA in this litigation, Bates stamped NCAAROCK00537570 and designated "Confidential" pursuant to the Protective Order [Filing No. 76].  This White Paper has not been publically disclosed by the NCAA, and contains highly sensitive information. The NCAA will suffer competitive harm if its confidential communications with regulatory or investigative agencies are disclosed to the public. Accordingly, attached hereto as Exhibit F is a version of the Rascher Report with the confidential portions of these paragraphs redacted.

Paragraph 200 of Rascher Report

Paragraph 200 contains a quotation from a document produced by the NCAA in this litigation, Bates stamped NCAAROCK00565395, and designated "Confidential" pursuant to the Protective Order [Filing No. 76].  The document contains survey response feedback from an NCAA member Conference regarding proposals for legislative reform. The survey response feedback was provided with the understanding that the response would be treated as confidential.

9

It is likely that the NCAA will not be able to collect this information from its membership in the future if its members cannot rely on the NCAA's guarantee of confidentiality. Without the collection of this information, full and frank discussion among NCAA members regarding policies and strategies would be stifled, and the NCAA would suffer severe prejudice in its activities as a trade association. Accordingly, attached hereto as Exhibit F is a version of the Rascher Report with the confidential portions of this paragraph redacted.

Paragraph 280 of Rascher Report

Paragraph 280 contains confidential personal information of NCAA student-athletes. NCAA member institutions report confidential personal information to the NCAA regarding each student-athlete's receipt of financial aid. Educational institutions are required to keep confidential student personal information, and such information may not be disclosed to the public without first obtaining a release from the student or parent, as F.E.R.P.A. (Family Educational Rights and Privacy Act, 20 U.S.C. 1232(g)) requires. *See Rosenfeld v. Montgomery Cnty. Pub. Sch.*, 25 F. App'x 123, 132 (4th Cir. 2001) ("[T]he district court should consider FERPA in making its determination whether sealing of the documents in question is appropriate"); *see also Union Oil Co. of California v. Leavell*, 220 F.3d 562, 568 (7th Cir. 2000) (holding "information within the scope of *a requirement* . . . may be held in long-term confidence") (emphasis added). The NCAA endeavors to similarly keep confidential the private information of its student-athletes in accordance with those principles. Accordingly, attached hereto as Exhibit F is a version of the Rascher Report with the names and identifying information for these student-athletes redacted.

<u>Appendixes G & H of Rascher Report</u>

Appendixes G & H contain confidential personal information of NCAA student-athletes. NCAA member institutions report confidential personal information to the NCAA regarding each student-athlete's receipt of financial aid. Educational institutions are required to keep confidential student personal information, and such information may not be disclosed to the public without first obtaining a release from the student or parent, as F.E.R.P.A. (Family Educational Rights and Privacy Act, 20 U.S.C. 1232(g)) requires. *See Rosenfeld v. Montgomery Cnty. Pub. Sch.*, 25 F. App'x 123, 132 (4th Cir. 2001) ("[T]he district court should consider FERPA in making its determination whether sealing of the documents in question is appropriate"); *see also Union Oil Co. of California v. Leavell*, 220 F.3d 562, 568 (7th Cir. 2000) (holding "information within the scope of *a requirement* . . . may be held in long-term confidence") (emphasis added). The NCAA endeavors to similarly keep confidential the private information of its student-athletes in accordance with those principles. Accordingly, attached hereto as Exhibit F is a version of the Rascher Report with the names of these student-athletes redacted.

The NCAA does not contest the remaining paragraphs of the Rascher Report being made a part of the public record.

## CONCLUSION

WHEREFORE, the NCAA respectfully requests that the Court enter an order maintaining Filing No. 106-20, Filing No. 106-28, Filing No. 106-42, and Filing No. 106-43 under seal in their entirety, and maintaining portions of Exhibits A—F (Filing No. 106-23, Filing No. 106-45, Filing No. 106-58, Filing No. 106-59, Filing No. 109, and Filing No. 110) under seal, pursuant to Rule 5.2(d) of the Federal Rules of Civil Procedure, Local Rule 5-11, and the Protective Order.

Respectfully submitted,

 Schiff Hardin LLP

/s/ *Gregory L. Curtner*
Gregory L. Curtner
Robert J. Wierenga
Kimberly K. Kefalas
Suzanne Wahl (*pro hac vice*)
Jessica Sprovtsoff (*pro hac vice*)
Jacob K. Danziger (*pro hac vice*)
350 S. Main St., Suite 210
Ann Arbor, MI  48104
734-222-1500 (Phone)
734-222-1501 (Fax)
gcurtner@schiffhardin.com
rwierenga@schiffhardin.com
kkefalas@schiffhardin.com

Kathy L. Osborn (21927-53)
Faegre Baker & Daniels LLP
300 North Meridian Street, Suite 2700
Indianapolis, IN  46204
313-237-0300 (Phone)
317-237-1000 (Fax)
kathy.osborn@faegrebd.com

*Attorneys for Defendant NCAA*

12

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 1, 2014 a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

**Elizabeth A. Fegan**
HAGENS BERMAN SOBOL SHAPIRO, LLP
1144 W. Lake Street, Suite 400
Oak Park, IL 60301
708-628-4949
Fax: 708-628-4950
Email: beth@hbsslaw.com

**Joseph N. Williams**
PRICE WAICUKAUSKI & RILEY
301 Massachusetts Avenue
Indianapolis, IN 46204
317-633-8787
Email: jwilliams@price-law.com

**Steve W. Berman**
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 8th Ave. Suite 3300
Seattle, WA 98101
(206) 623-7292
Fax: (206) 623-0594
Email: steve@hbsslaw.com

**Stuart McKinley Paynter**
The Paynter Law Firm PLLC
1200 G Street N.W., Suite 800
Washington, DC 20005
(202) 626-4486
Fax: (866) 734-0622
Email: stuart@smplegal.com

**William N. Riley**
PRICE WAICUKAUSKI & RILEY
301 Massachusetts Avenue
Indianapolis, IN 46204
(317) 633-8787
Fax: (317) 633-8797
Email: wriley@price-law.com

/s/ Gregory L. Curtner
Gregory L. Curtner
Attorneys for NCAA
gcurtner@schiffhardin.com

13

40984-0023

AA\200110078.1