UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOHN ROCK, on behalf of himself and all others similarly situated, | Case No. 1:12-cv-01019-TWP-DKL |
| Plaintiff, | |
| v. | |
| NATIONAL COLLEGIATE ATHLETIC ASSOCIATION, | |
| Defendant. | |

**CLASS MEMBER DEVIN PUGH'S CONDITIONAL MOTION TO INTERVENE
<u>PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 24(b)</u>**

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ..................................................................................................... 1

II.     BACKGROUND ...................................................................................................... 2

III.    ARGUMENT ........................................................................................................... 4

        A.      Leave to Intervene Should Be Granted as a Matter of Right ................................ 4

        B.      Alternatively, Permissive Intervention Should be Permitted ............................... 5

                1.      Pugh's and Rock's claims share common questions of law
                        and fact. .......................................................................................................... 5

                2.      Intervention is timely and will not unduly prejudice the
                        parties. ............................................................................................................ 6

IV.     CONCLUSION ........................................................................................................ 7

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Am. Pipe & Constr. Co. v. Utah*,
414 U.S. 538 (1974)................................................................................................1

*Clark v. Sandusky*,
205 F.2d 915 (7th Cir. 1953) ..................................................................................4

*Crawford v. Equifax Payment Servs., Inc.*,
201 F.3d 877 (7th Cir. 2000) ..................................................................................6

*Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130*,
657 F.2d 890 (7th Cir. 1981) ..................................................................................5

*Kamakahi v. Am. Soc'y for Reprod. Med.*,
2015 WL 1926312 (N.D. Cal. Apr. 27, 2015) .........................................................7

*Larson v. JPMorgan Chase & Co.*,
530 F.3d 578 (7th Cir. 2008) ..................................................................................6

*Nissei Sangyo Am., Ltd. v. United States*,
31 F.3d 435 (7th Cir. 1994) ....................................................................................6

*People Who Care v. Rockford Bd. of Educ.*,
68 F.3d 172 (7th Cir. 1995) ....................................................................................7

*Randall v. Rolls-Royce Corp.*,
637 F.3d 818 (7th Cir. 2011) ..................................................................................5

*South Dakota v. U.S. DOI*,
317 F.3d 783 (8th Cir. 2003) ..................................................................................5

*United Airlines, Inc. v. McDonald*,
432 U.S. 385 (1977)...........................................................................................1, 6

## OTHER AUTHORITIES

Fed. R. Civ. P. 24(a)(2)..........................................................................................4

Fed. R. Civ. P. 24(b) ..............................................................................................5

## I.      INTRODUCTION

In the event this Court finds that John Rock cannot adequately represent the Class, class member Devin Pugh moves, pursuant to Federal Rule of Civil Procedure 24(b), for leave to intervene in this action.  Pugh fulfills all of the requirements for intervention.  He is a member of the Injunctive Relief and Core Issues Classes and, as demonstrated in the attached Class Action Complaint, asserts a virtually identical Sherman Act claim that is also targeted at the NCAA's limits on the number and duration of Division I football grants-in-aid.

Pugh understands that the NCAA has challenged Rock's adequacy and typicality as a class representative.  While the NCAA has questioned the timeliness of adding a class member now, the Supreme Court held in *Am. Pipe & Constr. Co. v. Utah*[1] and *United Airlines, Inc. v. McDonald*[2] that a class member is not required to seek to intervene until it is clear "that the interests of the unnamed class members would no longer be protected by the named class representatives,"[3] which is usually *after* class certification is denied or judgment is entered.[4]  A rule requiring class members to intervene prior to the denial of class certification "would induce putative class members to file protective motions to intervene to guard against the possibility that the named representatives might not appeal from the adverse class determination."[5]  The result would be the very "'multiplicity of activity which Rule 23 was designed to avoid.'"[6]

However, out of an abundance of caution, Pugh seeks to intervene now to ensure that the interests of the Classes are protected.  Intervention will not unduly prejudice the original parties.

---

[1] 414 U.S. 538 (1974).

[2] 432 U.S. 385 (1977).

[3] *Id.* at 394.

[4] *Id.*

[5] *United Airlines, Inc.*, 432 U.S. at 394 n.15 (citations omitted).

[6] *Id.* (quoting *American Pipe*, 414 U.S. at 551).

Thus, if the Court finds that Rock cannot adequately represent the Class, it should grant this Motion and allow Pugh to serve as the new class representative.

## II.      BACKGROUND

A star cornerback from Oklahoma, Devin Pugh was recruited by numerous FBS and FCS schools and among other offers, he received a full scholarship offer from University of New Mexico, an FBS institution.[7]  In 2010, he accepted a one-year full football grant-in-aid to attend Weber State University.[8]  Weber State's head coach, Ron McBride, promised Pugh that his grant-in-aid would be renewed annually so long as he performed well academically and remained eligible for NCAA competition.[9]  Coach McBride further promised that Pugh's grant-in-aid would still be honored even if the current coaching staff departed for any reason.[10]  As a redshirt freshman, Pugh led the team in turnovers and came in second in the conference for interceptions.[11]  Pugh's grant-in-aid was renewed for the 2011-12 and 2012-13 academic years, during which time he fulfilled all academic requirements and remained a student in good standing at all times.[12]  In December 2012, following Coach McBride's retirement, Pugh was informed by new head coach Jody Sears that his grant-in-aid would not be renewed for the following year.[13]  Pugh was shocked, as were his position coach and both team captains, but despite their best efforts Coach Sears refused to reconsider his decision.[14]  With only one

---

[7] Complaint in Intervention, ¶¶ 68-69 (attached as Exhibit 1).

[8] *Id.* ¶¶ 70-72.

[9] *Id.* ¶ 72.

[10] *Id.*

[11] *Id.* ¶ 76.

[12] *Id.* ¶¶ 76, 78.

[13] *Id.* ¶¶ 8, 77.

[14] *Id.* ¶¶ 82-83.

semester to figure out what to do, Pugh put together a highlight tape and was ultimately recruited by several FBS schools.[15]  He also received full grant-in-aid offers from several FCS schools; those offers, however, were all conditioned upon Pugh's ability to play two more years of NCAA football.[16]  But the NCAA's transfer rules required Pugh to sit out of competition for a year, therefore losing one of the two years remaining on his five-year clock.[17]  After the NCAA denied Pugh's request for a hardship waiver, his grant-in-aid offers were rescinded.[18]  Ultimately, Pugh was forced to transfer to a Division II school, where his grant-in-aid was less than what he received at Weber State.[19]

In November 2015, Pugh filed a Class Action Complaint against the NCAA in this District.[20]  The Complaint asserts a virtually identical cause of action to that asserted by Rock, namely that the NCAA's Division I limits on the number and duration of football grants-in-aid violate the Sherman Act.[21]  The Complaint also challenges the NCAA's Division I year-in-residence bylaw as violating the Sherman Act.[22]  The NCAA has filed a partial motion to dismiss Pugh's Complaint, targeted only at the transfer claim. Conceding that the grant-in-aid claim is "nearly identical" to that in Rock, the NCAA has not moved to dismiss it.[23]

---

[15] *Id.* ¶¶ 83-84.

[16] *Id.* ¶ 84.

[17] *Id.* ¶ 85.

[18] *Id.* ¶¶ 85-86.

[19] *Id.* ¶¶ 87-88.

[20] Class Action Complaint, *Devin Pugh v. National Collegiate Athletic Association*, No. 1:15-cv-1747 (S.D. Ind. Nov. 5, 2015) (attached as Exhibit 2).

[21] *Id.* ¶¶ 131-39.

[22] *Id.* ¶¶ 140-48.

[23] NCAA Brief in Support of Partial Motion to Dismiss, *Pugh v. National Collegiate Athletic Association*, No. 1:15-cv-1747 (S.D. Ind.) [Filing No. 35 at 1].

## III.   ARGUMENT

**A.    Leave to Intervene Should Be Granted as a Matter of Right**

Under Rule 24(a)(2), intervention shall be permitted if:  (1) the proposed intervenor claims an interest relating to the property or transaction which is the subject of the action; (2) the disposition of the action may as a practical matter impair or impede the proposed intervenor's ability to protect that interest; and (3) the interest is not adequately protected by the existing parties.[24]  "This Rule should be liberally construed, in order to avoid multiplicity of suits and settle all related controversies in one action."[25]  Here, Pugh satisfies Rule 24(a)(2).

First, Pugh claims an interest relating to the subject of the action.  Pugh is a current NCAA student.  Moreover, he was recruited by FBS schools, received a one-year GIA from an FBS school, and his GIA was not renewed after his coach retired.  As a member of the Injunctive Relief and Core Issues Classes, as demonstrated in the attached Class Action Complaint, he asserts a virtually identical Sherman Act claim as Rock.

Second, the disposition of the action may as a practical matter impair or impede Pugh's ability to protect that interest if the NCAA is able to convince the Court that Rock is not adequate and class certification should be denied.  Requiring Pugh to spend hundreds of thousands of dollars to relitigate the very issues currently teed up in this Court would be inefficient and costly.

Pugh does believe that Rock is adequate and typical.  However, in the event the Court agrees with Defendant, Pugh's interest would not be adequately protected by the existing parties.

Accordingly, Pugh should be granted leave to intervene as a matter of right.

---

[24] Fed. R. Civ. P. 24(a)(2).

[25] *Clark v. Sandusky*, 205 F.2d 915, 919 (7th Cir. 1953).

## B.      Alternatively, Permissive Intervention Should be Permitted

Rule 24(b) states, in pertinent part, that permissive intervention may be allowed when an intervenor:

> (1) is given a conditional right to intervene by a federal statute; or
>
> (2) has a claim or defense that shares with the main action a common question of law or fact.[26]

The principal consideration in ruling on a Rule 24(b) motion is whether the proposed intervention would unduly delay or prejudice the adjudication of the parties' rights.[27]  The decision to grant or deny a motion for permissive intervention is discretionary.[28]

As reflected in the attached proposed Complaint in Intervention, Pugh shares the same claims as Plaintiff, and multiple common issues of law or fact.[29]  In the case in which a class representative is found to be inadequate in some respect, intervention of a class member "who might have a more typical (and, not incidentally, a stronger) claim than the original plaintiff[]" is a common remedy.[30]  Both Rule 24 requirements are satisfied here.

### 1.      Pugh's and Rock's claims share common questions of law and fact.

Pugh's Complaint shares with this action common questions of law and fact.  Indeed, the NCAA has admitted that Court I of Pugh's Complaint is "nearly identical" to the claims asserted here.  The facts of the two cases likewise share much in common.  Like Rock, Pugh received a

---

[26] Fed. R. Civ. P. 24(b).

[27] *South Dakota v. U.S. DOI*, 317 F.3d 783, 787 (8th Cir. 2003) (citing *United States v. Pitney Bowes, Inc.*, 25 F.3d 66, 73 (2d Cir. 1994); 7C WRIGHT, MILLER & KANE, FEDERAL PRACTICE AND PROCEDURE § 1913, at 379).

[28] *Id.* at 787 (citing *Bush v. Viterna*, 740 F.2d 350, 359 (5th Cir. 1984)).

[29] *See generally* Exhibit 1.

[30] *Randall v. Rolls-Royce Corp.*, 637 F.3d 818, 826-27 (7th Cir. 2011); *see also Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130*, 657 F.2d 890, 896 (7th Cir. 1981) (stating that if "certification of the class is . . . deemed to be improvident," intervention is one solution).

one-year Division I football grant-in-aid and like Rock, his grant-in-aid was not renewed.  Even assuming that Rock were an inadequate class representative, Pugh does not suffer from the same supposed deficiencies as those alleged by the NCAA against Rock.  Pugh received a full scholarship offer from the University of New Mexico and therefore was "recruited" by an FBS School even under the NCAA's restrictive and arbitrary definition.  Moreover, there is no question that Pugh did not voluntarily withdraw from the Weber State team thereby forfeiting his scholarship.[31]  Thus, Pugh could adequately represent the Class if called upon to become the new class representative.

### 2. Intervention is timely and will not unduly prejudice the parties.

"The timeliness requirement, rather than imposing a precise time limit, essentially means that an intervenor must 'act with dispatch.'"[32]  In the context of a class action, timeliness is measured from the time that the would-be intervenor learned of the class representative's potential shortcomings.[33]  As the Seventh Circuit has cautioned, "[u]nnamed members of the class rarely will suspect a shortfall in the adequacy of representation before learning of the terms of a (potentially inadequate) settlement or problems in the class definition—and given the possibility of opt-out, even that may not occasion intervention."[34]  Thus, intervention of unnamed class members is permitted as late as post-judgment for purposes of appeal.[35]  Here,

---

[31] *See* Complaint in Intervention, ¶¶ 78, 80-82.

[32] *Nissei Sangyo Am., Ltd. v. United States*, 31 F.3d 435, 438-39 (7th Cir. 1994).

[33] *Crawford v. Equifax Payment Servs., Inc.*, 201 F.3d 877, 880 (7th Cir. 2000).

[34] *Id.* at 880-81.

[35] *See, e.g., United Airlines, Inc.*, 432 U.S. at 394-96; *see also Larson v. JPMorgan Chase & Co.*, 530 F.3d 578, 583 (7th Cir. 2008) (noting that "the *general* rule is that the member of a shadow class can delay filing his motion to intervene to appeal the denial of certification of his class until the final judgment is entered").

Pugh timely filed for leave to intervene shortly after becoming aware of the NCAA's challenges to Rock's adequacy and typicality as class representative.

Nor is there any prejudice to Rock or the NCAA from intervention.  It is prejudice from any delay associated with the intervention, not prejudice from the fact of the intervention itself, that is the "operative issue."[36]  As discussed above, Pugh did not delay in filing for leave to intervene.  Although the NCAA may wish to take limited discovery on Pugh's capacity to serve as class representative, the burden would be minimal and trial is still over a year away.  In any event, it is the same work that would have been required if Pugh had intervened earlier; thus, it does not constitute prejudice within the meaning of Rule 24.[37]  What's more, since Pugh is the class representative in a separately filed action, the NCAA will need to depose him regardless.  As for Rock, to the extent he is found to be a class member but unsuitable to serve as class representative, he undoubtedly would benefit from Pugh's intervention as the new class representative, as would the other unnamed class members.

## IV.    CONCLUSION

WHEREFORE, in the event that John Rock is found to be an inadequate class representative, Devin Pugh respectfully requests that the Court grant his Motion to Intervene and designate him as the new class representative in this action.

---

[36] *People Who Care v. Rockford Bd. of Educ.*, 68 F.3d 172, 176 (7th Cir. 1995).

[37] *See Kamakahi v. Am. Soc'y for Reprod. Med.*, 2015 WL 1926312, at *4 (N.D. Cal. Apr. 27, 2015) ("Defendants will need to take Proposed Intervenors' depositions and perhaps conduct other discovery limited to their personal capacity to serve as Rule 23(b)(2) subclass representatives.  That is not prejudice . . . because it results from the mere *fact* of intervention rather than from the *timing* of intervention.") (footnote omitted).

Dated: January 22, 2016                    Respectfully Submitted,


By ____*/s/ Steve W. Berman*_____
     Steve W. Berman (*Pro Hac Vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com

Elizabeth A. Fegan (*Pro Hac Vice*)
Daniel J. Kurowski (*Pro Hac Vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
455 N. Cityfront Plaza Drive, Suite 2410
Chicago, IL 60611
Telephone: (708) 628-4949
Facsimile: (708) 628-4950
beth@hbsslaw.com
dank@hbsslaw.com

Jeff Friedman (*Pro Hac Vice*)
Jon King (*Pro Hac Vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Ave., Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
jefff@hbsslaw.com
jonk@hbsslaw.com

Stuart M. Paynter (*Pro Hac Vice*)
Sara Willingham (*Pro Hac Vice*)
THE PAYNTER LAW FIRM PLLC
1200 G Street N.W., Suite 800
Washington, D.C. 20005
Telephone: (202) 626-4486
Facsimile: (866) 734-0622
stuart@smplegal.com
swillingham@smplegal.com

William N. Riley
Joseph N. Williams
James A. Piatt
RILEY, WILLIAMS & PIATT LLC
Hammond Block Building
301 Massachusetts Avenue
Indianapolis, IN 46204
Telephone: (317) 633-8787
Facsimile: (317) 633-8797
wriley@rwp-law.com
jwilliams@rwp-law.com
jpiatt@rwp-law.com

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 22, 2016, a copy of the foregoing was filed electronically.

Service of this filing will be made on all ECF-registered counsel by operation of the court's

electronic filing system.  Parties may access this filing through the court's system.

_/s/ Steve W. Berman_____
Steve W. Berman