# UNITED STATES DISTRICT COURT
## for the SOUTHERN DISTRICT OF INDIANA,
### INDIANAPOLIS DIVISION

| | |
|---|---|
| JOHN ROCK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CAUSE NO.  1:12-cv-1019-JMS-DKL |
| *vs.* | ) |
| | ) |
| NATIONAL COLLEGIATE ATHLETIC | ) |
| ASSOCIATION, | ) |
| | ) |
| Defendant. | ) |

### ENTRY

### Plaintiff's *Motion for Rebuttal Discovery Regarding Defendant's Class Certification Defenses or for a Limiting Instruction* [doc. 161]

Fact discovery in this case closed on October 31, 2014.  On November 23, 2014, Plaintiff filed his *Motion for Class Certification* [doc. 104] ("*Class Cert. Motion*"), which, for the first time, defined two proposed classes, using new definitional terms and concepts. His then-current *Second Amended Class Action Complaint* [doc. 46 (May 24, 2013)], and his previous complaints (*Amended Complaint* [doc. 20 (Aug. 24, 2012)], and original *Plaintiff's Class Action Complaint and Jury Trial Demand* [doc. 1 (July 25, 2012)]) all had pled only one proposed class.

The day after filing his *Class Cert. Motion*, Plaintiff moved to amend his complaint again in order to plead his new class definitions.  *Plaintiff's Motion for Leave To File Amended Complaint* [doc. 114].  The only change in his proposed complaint was in the

1

class definitions.   Although the motion to amend was filed almost a year past the November 29, 2013 deadline for pleading amendments, *Case Management Plan* [doc. 65], § III B, the Court granted leave, finding that Defendant would not be unduly prejudiced because the class definitions were narrower and because the Court also allowed Defendant to "move to reopen discovery prior to deposing Dr. Rascher," Plaintiff's expert, whose report was disclosed with the *Class Cert. Motion*. *Entry on Plaintiff's Motion for Leave To File Amended Complaint* [doc. 142], at 12.  The Court noted that Defendant may move to reopen discovery "for the limited purpose of obtaining the information necessary to effectively examine the opinions and assumptions of Plaintiff's expert, Dr. Rascher." *Id.*, at 13.

Defendant moved for leave to serve new discovery requests on Plaintiff, to re-depose Plaintiff, and to serve third-party discovery requests, in order to respond to Plaintiff's new class definitions and Dr. Rascher's supporting expert report, and to prepare for deposing Dr. Rascher.  *Defendant NCAA's Motion To Reopen Discovery* [doc. 152].  Plaintiff did not oppose an additional discovery period of ninety days for the requested discovery, but requested leave to commence simultaneous rebuttal discovery:

> Plaintiff seeks leave to issue subpoenas to any non-party subpoenaed by the NCAA to obtain reciprocal discovery.  Just as the NCAA deems non-party discovery necessary to attack Plaintiff's expert, Daniel Rascher, Ph.D., it would be fundamentally unfair (and prejudicial to Plaintiff) for Defendant to seek and obtain information from a non-party while precluding Plaintiff's ability to seek rebuttal discovery from the same non-party in order to defend Dr. Rascher's opinions.

(*Plaintiff's Response to Defendant NCAA's Motion To Reopen Discovery and Cross-motion for Rebuttal Discovery Rights* [doc. 153], at 1).  In a footnote, Plaintiff stated that he "reserves the right" to later request discovery from Defendant and from non-parties who were not subpoenaed by Defendant if Defendant obtained relevant documents "in the ordinary course of business" or from member institutions without subpoenas and uses those documents to attack Plaintiff's class definitions and/or Dr. Rascher's opinions.  (*Id.*, at 2 n. 2.)

The Court granted Defendant's motion and set deadlines for completion of the additional discovery, conducting Dr. Rascher's deposition, and filing Defendant's opposition to Plaintiff's *Class Cert. Motion.  Entry and Order on Defendant's Motion To Reopen Discovery* [doc. 156].  The Court also denied Plaintiff's request to commence "rebuttal discovery" of the third parties subpoenaed by Defendant, but allowed Plaintiff to refile his motion after Defendant filed its response to the *Class Cert. Motion.  Id.*, at 5. Defendant then conducted the following additional discovery:  (1) twenty requests for admission to Plaintiff, relating to his allegations that he was recruited by certain NCAA member institutions; (2) ten interrogatories to Plaintiff, relating to his proposed class definitions; (3) six requests for production to Plaintiff, relating to his proposed class definitions; and (4) a second deposition of Plaintiff.  After this discovery, Defendant also conducted the deposition of Dr. Rascher.  (*Defendant NCAA's Opposition to Plaintiff's*

*Motion for Rebuttal Discovery* [doc. 165] ("*Response*"), at 2.)  As it turned out, Defendant conducted no third-party discovery, which was the reason that Plaintiff sought to commence rebuttal discovery.

Plaintiff now moves to conduct his "rebuttal discovery" consisting of (1) a fifth set of requests for production to Defendant [doc. 162-2], consisting of 5 requests;[1] (2) a Rule 30(b)(6) deposition of Defendant on one topic [doc. 162-3];[2] and (3) third-party subpoenas *ad testificandum* and *duces tecum* to three universities seeking communications and contacts that they had with Plaintiff [docs. 162-5, 162-6, and 162-7].  Alternatively, Plaintiff asks the Court to preclude Defendant from arguing that (1) the proposed "Core Issues Class" is not ascertainable and/or cannot be identified using objective criteria; (2) Plaintiff was not recruited by the three subpoenaed universities; and (3) any or all Division I schools would not have offered multi-year grants-in-aid during the class period in the absence of Defendant's prohibition of multi-year scholarships.  *Plaintiff's Motion for Rebuttal Discovery Regarding Defendant's Class Certification Defenses or for a*

---

[1] **(1)** Documents related to the defense that Plaintiff was not recruited by Ball State University, Boise State University, or Eastern Michigan University; **(2)** documents related to the defense that the proposed classes are not ascertainable; **(3)** reports and/or data related to student athletes in which Division I football teams have shown an interest, including data in NCAA's Compliance Assistant program and including all Institutional Request Lists; **(4)** documents that identify all third-parties that work with Division I schools to ensure proper entry of data for NCAA eligibility; and **(5)** documents that identify all Division I conferences and/or schools that require or offer multi-year grants-in-aid to student athletes who play football and any terms and conditions of such grants-in-aid.

[2] The information collected by and available in the NCAA's Compliance Assistant program, concerning high-school athletes in which Division I football programs are interested.

4

*Limiting Instruction* [doc. 161], at 1.

These alternative limiting instructions reveal the impetus for and the asserted relevance of Plaintiff's requested "rebuttal" discovery: Plaintiff contends that Defendant's written discovery directed to Plaintiff, and its depositions of Plaintiff and Dr. Rascher "foreshadowed the NCAA's defenses" against Plaintiff's *Class Cert. Motion* and he wants either his "rebuttal" discovery to combat those defenses or exclusion of the defenses. Plaintiff argues that Defendant's discovery signals that it intends to challenge (1) the ascertainability of of the core-issues class, *i.e.*, whether objective criteria exist to identify the student athletes who attended a Division I FCS school but were recruited by a Division I FBS school; (2) Plaintiff's membership in the core-issues class based on his recruitment by the three identified universities; and (3) whether NCAA member institutions would have awarded multi-year grants-in-aid if the NCAA's prohibition had never existed. Plaintiff contends that the NCAA has possession, custody, or control of documents and information that are relevant to these challenges that it has not produced and that Defendant is entitled to obtain.

Plaintiff first argues that it is entitled to conduct its requested discovery because the information sought is relevant and discoverable under the ordinary discovery rules and standards. However, as noted at the beginning of this entry, the deadline for fact discovery expired over one year before Plaintiff filed the present motion and he has not shown the good cause that is required to extend that deadline. Fed. R. Civ. P. 16(b)(4).

5

Objective criteria for ascertaining class members, Plaintiff's status as a class member and adequacy as a class representative (*e.g.*, his recruitment by the three universities), and the economic effects and injuries caused by Defendant's policies (*e.g.*, whether multi-year grants-in-aid would have been offered on a class-wide basis without Defendant's by-law) are patently issues and allegations that are essential parts of Plaintiff's claim and his factual and legal theories and, therefore, were obvious subjects for his discovery long before now.  In fact, in support of his motion to amend his complaint to plead his new class definitions, Plaintiff argued that the new definitions did not inject new issues regarding Dr. Rascher's methodology and did not require new discovery by Defendant. (*Plaintiff's Reply in Support of Motion for Leave To File an Amended Complaint* [doc. 127], at 3.)  Plaintiff's appeals to "public policy [that] favors disclosure of all relevant materials," (*Memorandum in Support of Plaintiff's Motion for Rebuttal Discovery etc.* [doc. 162] ("*Brief*"), at 10, "fundamental fairness", (*Reply in Support of Plaintiff's Motion for Rebuttal Discovery etc.* [doc. 167] ("*Reply*"), at 1), the relevance of the requested material, and his citations to decisions finding relevant the proposed subjects of his discovery, are inapposite in the context of the long-past expiration of the discovery deadline.  Fundamentally, Plaintiff's argument is that he did not anticipate Defendant opposing and contradicting key elements and/or allegations of his claim, or his asserted legal and factual theories.  That does not amount to good cause to reopen discovery, regardless of his appellation of "rebuttal" to the discovery.

Plaintiff also states that, in August 2015, he requested that Defendant supplement its Rule 26(a) initial disclosures and its previous discovery responses, under Fed. R. Civ. P. 26(e), in light of "what [Plaintiff] had learned from [Defendant's] supplemental discovery requests . . . ." (*Brief*, at 7.) Plaintiff communicated to Defendant that he thought that his request no. 15 in his First Requests for Production (served in September 2013) and Defendant's initial-disclosures obligation encompassed much, if not all, of the information sought in its proposed rebuttal discovery, including Institutional Request Lists, the contents of the Compliance Assistant, and spreadsheets and other correspondence that provide recruiting and compliance data. (*Id.*, at 8.) The Court describes Plaintiff as "stating" these assertions because they are part of the background in his initial *Brief*, but he does not argue Defendant's duty to supplement under Rule 26(e) in the argument section of his *Brief*. Neither does he develop an argument that Defendant failed to comply with Rule 26(e) in his *Reply*. Therefore, any argument on this basis is forfeited.

Alternatively, an argument based on Rule 26(e) or Defendant's failure to produce discovery earlier fails on its merits. Plaintiff was well aware that Defendant objected to certain of Plaintiff's requests, including request nos. 9 and 15, and that the parties' meet-and-confer efforts resulted in certain agreements regarding the objected-to requests and Defendants maintaining some of its objections. Plaintiff was also aware that Defendant specifically had objected to and had not agreed to produce Eligibility Center records,

including Institutional Request Lists.  Defendant did not pursue a motion to compel and did not otherwise seek additional documents in response to its requests.  Defendant cannot now, by the means of his requested "rebuttal" discovery, attempt to avoid the consequences of his decision (or neglect) to not move to compel or seek to further negotiate production of the discovery earlier.  Defendant did not have a duty to "supplement" responses to discovery to which it had objected and had never made.

### Conclusion

Plaintiff's *Motion for Rebuttal Discovery Regarding Defendant's Class Certification Defenses or for a Limiting Instruction* [doc. 161] is **DENIED**.

**DONE this date:**  02/12/2016

*Denise K. La Rue*

Denise K. LaRue
United States Magistrate Judge
Southern District of Indiana

Distribution to ECF-registered counsel or record *via* ECF-generated e-mail.

8