**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| JOHN ROCK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:12-cv-01019-TWP-DKL |
| ) | |
| NATIONAL COLLEGIATE ATHLETIC ) | |
| ASSOCIATION, ) | |
| ) | |
| Defendant. ) | |

# ORDER

Before the Court is the Plaintiff, John Rock's ("Rock"), Objection to the Magistrate Judge's Pretrial Order Denying Rebuttal Discovery Regarding Defendant's Class certification Defenses (Filing No. 200.). On February 12, 2016, the Magistrate Judge filed an Entry denying Rock's request for rebuttal discovery. (Filing No. 194.) On February 26, 2016, Rock filed an appeal of the ruling pursuant to Federal Rule of Civil Procedure 72. For the following reasons, the Court overrules Rock's Objection.

## I. LEGAL STANDARD

The Court's review of the Magistrate Judge's discovery-related decision is governed by Fed. R. Civ. P. 72(a). That rule provides that a district court may modify or set aside any part of a non-dispositive order referred to a magistrate judge that is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A). The clear error standard is highly deferential, permitting reversal only when the district court "is left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997). Accordingly, the Court reviews the Magistrate Judge's decision "through the narrow lens prescribed by Congress and the Federal Rules of Civil Procedure and on the basis

of the record submitted to the Magistrate Judge." *Indianapolis Airport Auth. v. Travelers Property Cas. Co. of Am.*, No. 1:13-cv-01316-JMS-TAB, 2015 WL 1013952, at *3 (S.D. Ind. Mar. 9, 2015).

## II. DISCUSSION

The Magistrate Judge denied Rock's request for supplemental discovery for two primary reasons. First, she concluded that Rock had not demonstrated good cause for reopening fact discovery under Fed. R. Civ. P. 16(b)(4). ([Filing No. 194 at 5-6](#).) In this regard, the Magistrate Judge noted that fact discovery closed in this case on October 31, 2014 – almost a year-and-a-half ago. *Id*. at 1. In addition, the discovery requested in Rock's motion should have been anticipated by Rock at a much earlier stage in the litigation. *Id*. at 6. ("[f]undamentally, [Rock's] argument is that he did not anticipate [the NCAA] opposing and contradicting key elements and/or allegations of his claim, or his asserted legal and factual theories. That does not amount to good cause to reopen discovery, regardless of the appellation of "rebuttal" to the discovery.")

Second, the Magistrate Judge concluded that the Defendant, National Collegiate Athletic Association ("NCAA"), had no duty to supplement its prior Rule 26(a) disclosures or its prior discovery responses, originally made in September 2013, to which the NCAA had raised timely objections and to which Rock had not timely filed a motion to compel. *Id*. at 7-8 ("[Rock] cannot now, by the means of his requested 'rebuttal' discovery, attempt to avoid the consequences of his decision (or neglect) to not move to compel or seek to further negotiate production of the discovery earlier.") The Magistrate Judge noted that Rock was "aware that [the NCAA] specifically had objected to and had not agreed to produce Eligibility Center records, including Institutional Request Lists." *Id*.

Rock limits his objection to the Magistrate Judge's denial of rebuttal discovery to obtain the Eligibility Center data. ([Filing No. 200 at 9](#).) In support of his objection, Rock asserts the

Magistrate Judge failed to consider that, on October 3, 2014, in response to a request to supplement its prior discovery responses, the NCAA agreed to produce the Eligibility Center data, if and when the Court granted class certification. (*See* Filing No. 165-6 at 3.)  Because of this "agreement", Rock asserts that he did not pursue the evidence further during discovery. (*See* Filing No. 200 at 4) ("[o]nce the parties had agreed to cooperate to identify individual class members after certification, there was no reason for Plaintiff to specify precisely what data he desired.".)

Consequently, Rock contends that he could not have anticipated that the NCAA would later argue, in its response to the motion for class certification, that the proposed class could not be readily ascertained because of a lack of evidence. Rock contends that the NCAA lulled him into not following up on his prior discovery request; and, as a result, he should be allowed access to the Eligibility Center data in order to fully respond to the NCAA's argument. (*See* Filing No. 200 at 4) ("[i]t is unfair to permit the NCAA to now argue that Plaintiff must demonstrate an ability to identify individual class members when it agreed to cooperatively do so after certification.".) In this regard, Rock notes that, while the Magistrate Judge properly noted that the NCAA objected to releasing the Eligibility Center data, she erred by not considering the NCAA's agreement to release the data after class certification.

In response, the NCAA first notes that Rock did not raise the argument regarding the alleged "agreement" to disclose the Eligibility Center data in his motion before the Magistrate Judge, thereby waiving the argument as a justification for his Rule 72 objection.  *See United States v. Melgar*, 227 F.3d 1038, 1040 (7th Cir. 2000) ("arguments not made before a magistrate judge are normally waived"); *see also Woodall v. Jo–Ann Stores, Inc*., No. 1:14-CV-00263-SEB-DKL, 2015 WL 417660, at *2 (S.D. Ind. Jan. 30, 2015) ("[a]rguments not raised before the magistrate judge and raised for the first time in objections filed before the district judge are waived");

*Indianapolis Airport Auth.*, 2015 WL 1013952, at *2 ("reliance on arguments or evidence not presented to the Magistrate Judge is impermissible").

Reviewing the briefs related to Rock's motion for "rebuttal" discovery, the Court agrees with the NCAA that, although Rock argued that the NCAA was withholding evidence relevant to the issues of ascertainability, he did not even mention the alleged "agreement" to disclose the requested discovery at a later date in his arguments before the Magistrate Judge. (*See, e.g.*, Filing No. 161; Filing No. 162; Filing No. 167.) Accordingly, Rock's argument is waived; and the Court would be justified in overruling Rock's objection for this reason alone.

Second, the NCAA contends that it did not agree to disclose the Eligibility Center data as Rock alleges. The NCAA points to its discovery response[1], which states that the NCAA would not disclose the Eligibility Center data because it contained highly confidential and irrelevant information. (*See* Filing No. 165-6 at 3.) In addition, noting that the requested information was "relevant only because of the eventual notice requirement", the NCAA's discovery response further states that, "if and when a class is certified, we agree that the NCAA would use reasonable efforts to create an appropriate database at that time". *Id.* Finally, the NCAA additionally explains

---

[1] The NCAA's full discovery response, which is the basis for Rock's objection, is included as follows:

> **Eligibility Center Information**. We explained our position that the requested information is both highly confidential, and also not actually responsive to the plaintiff's document request, in that it cannot be used to identify student-athletes who "receiv[ed] athletics-based institutional financial aid for Division I football participation." The NCAA will not agree to produce the full dataset of all Eligibility Center data because to do so would be burdensome and the dataset includes highly confidential information that would never be even tangentially relevant to this litigation. We do not believe the NCAA is required under the Federal Rules to create an entirely new document that would only include data identifying the names and (outdated former) addresses of prospective student-athletes who eventually went on to receive a Division I football GIA. At the very least, such a request is premature, as Plaintiff believes that the information is relevant only because of the eventual notice requirement if a class is certified in this case. However, this data is being preserved, and if and when a class is certified, we agree that the NCAA would use reasonable efforts to create an appropriate database at that time, at least as far back as 2008-09, when the NCAA began assigning prospective student-athletes with unique NCAA IDs.

*Id.*

4

that Rock originally sought this information for notice purposes and not to identify class members; and that, therefore, the NCAA agreed to assist with providing "directory information" to contact "already-identified class members" and did not agree to "identify individual class members" as Rock alleges. (Filing No. 205 at 8.)

To begin, the Court notes that the NCAA made its response, which Rock characterizes as an agreement, on October 3, 2014, almost two months before Rock filed his motion for class certification and proposed his "Core Issues Class". (Filing No. 205 at 9.) As such, the Court agrees with the NCAA's additional argument that it is difficult, if not impossible, to interpret the NCAA's response as an agreement to help identify class members at a later date as Rock contends, particularly given that the class had not even been proposed at the time of the alleged "agreement".

Further, even if Rock somehow misinterpreted the NCAA's response and was, in truth, surprised by the NCAA's arguments in relation to class certification, Rock could not have reasonably believed that the "agreement" somehow relieved him of his factual burden to demonstrate a readily ascertainable class under Fed. R. Civ. P. 23. In this regard, the Court agrees with the Magistrate Judge that the "[o]bjective criteria for ascertaining class members, . . . are patently issues and allegations that are essential parts of Plaintiff's claim and his factual and legal theories, and therefore, were obvious subjects for his discovery long before now." (Filing No. 194 at 6.)

Consequently, regardless of what Rock actually believed regarding the NCAA's response, the Court finds no clear error in the Magistrate Judge's conclusion that Rock "cannot now, by the means of his requested 'rebuttal' discovery, attempt to avoid the consequences of his decision (or neglect) to not move to compel or seek to further negotiate production of the discovery earlier."

5

Therefore, having failed to identify a "clear error" in the decision, Rock's objection is overruled for this reason as well.

### III. CONCLUSION

For the reasons stated above, Rock's Objection to Magistrate Judge's Pretrial Order Denying Rebuttal Discovery ([Filing No. 200](#)) is **OVERRULED**.

**SO ORDERED.**

Date: __03/24/2016__

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Daniel E. Pulliam
FAEGRE BAKER DANIELS LLP (Indianapolis)
daniel.pulliam@faegrebd.com

Kathy Lynn Osborn
FAEGRE BAKER DANIELS LLP (Indianapolis)
kathy.osborn@faegrebd.com

Daniel J. Kurowski
HAGENS BERMAN SOBOL SHAPIRO LLP
dank@hbsslaw.com

Jeff D. Friedman
HAGENS BERMAN SOBOL SHAPIRO LLP
jefff@hbsslaw.com

Jon T. King
HAGENS BERMAN SOBOL SHAPIRO LLP
jonk@hbsslaw.com

Steve W. Berman
HAGENS BERMAN SOBOL SHAPIRO LLP
steve@hbsslaw.com

Elizabeth A. Fegan
HAGENS BERMAN SOBOL SHAPIRO, LLP
beth@hbsslaw.com

James Piatt
RILEY WILLIAMS & PIATT, LLC
jpiatt@rwp-law.com

Joseph N. Williams
RILEY WILLIAMS & PIATT, LLC
jwilliams@rwp-law.com

William N. Riley
RILEY WILLIAMS & PIATT, LLC
wriley@rwp-law.com

Jacob K. Danziger
SCHIFF HARDIN, LLP
350 S. Main Street, Suite 210
Ann Arbor, Michigan  48104

Gregory L. Curtner
SCHIFF HARDIN, LLP - Michigan
gcurtner@schiffhardin.com

Jessica A. Sprovstoff
SCHIFF HARDIN, LLP - Michigan
jsprovtsoff@schiffhardin.com

Kimberly K. Kefalas
SCHIFF HARDIN, LLP - Michigan
kkefalas@schiffhardin.com

Robert James Wierenga
SCHIFF HARDIN, LLP - Michigan
rwierenga@schiffhardin.com

Suzanne L. Wahl
SCHIFF HARDIN, LLP - Michigan
swahl@schiffhardin.com

Sara Willingham
THE PAYTNER LAW FIRM PLLC
swillingham@paynterlawfirm.com

Stuart McKinley Paynter
THE PAYNTER LAW FIRM PLLC
stuart@paynterlawfirm.com